STATE of Wisconsin,
Plaintiff-Respondent,

v.

Jermaine SMITH,
Defendant-Appellant.†

Court of Appeals

*No. 2004AP1077–CR. Submitted on briefs May 5, 2005.
—Decided June 7, 2005.*

**2005 WI App 152**

(Also reported in 702 N.W.2d 850.)

† Petition to review denied 8-25-05.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Glen B. Kulkoski* of *Carr, Kulkoski & Stuller, S.C.*, New Berlin.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William C. Wolford*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Wedemeyer, P.J., Fine and Kessler, JJ.

¶ 1. WEDEMEYER, P.J.   Jermaine Smith appeals from a judgment entered after a jury found him guilty of one count of first-degree intentional homicide, while armed, contrary to Wis. Stat. § 940.01(1)(a) (2003–04).[1] He claims the trial court erred in permitting the State to introduce out-of-court statements of a co-actor for the purpose of rebutting out-of-court statements introduced by the defense. Because the trial court did not erroneously exercise its discretion in allowing the proffered evidence, we affirm.

## BACKGROUND

¶ 2.   On November 21, 2002, Smith and two fellow gang members, Willie Nunn and Cornelius Blair, went to the home of Andrew and Dorothy Roberts. Andrew Roberts was the landlord for Smith's gang leader, Michael Davis. Davis was angry because Roberts had evicted him as a result of drug activity taking place in the Davis rental unit. As a result, Davis enlisted Smith, Nunn and Blair to rob Mr. and Mrs. Roberts.

¶ 3.   Smith gave a statement to police indicating that the three went to the Roberts's home. Smith and Blair, armed with guns, went into the home while Nunn

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

stayed outside and acted as lookout. Mrs. Roberts answered the door and was ordered to the floor. Smith then approached Mr. Roberts and demanded his money. Mr. Roberts complied and then was ordered to the floor. Smith said that as he was leaving, Mr. Roberts grabbed his leg, which caused Smith to shoot towards Mr. Roberts. Believing he had killed Mr. Roberts, Smith then shot Mrs. Roberts in the head so there would be no witnesses.

¶ 4. Mrs. Roberts died as a result of the gunshot wound to the head. Mr. Roberts survived the ordeal. As a result, Smith was charged with one count of first-degree intentional homicide, while armed. At trial, the defense sought to introduce testimony from a Frederick Banks, who stated that when he was in jail, Nunn told him that he (Nunn) had shot Mrs. Roberts. The prosecutor opposed the admission of the testimony, but stated that if the trial court allowed its admission, the State should be allowed to introduce evidence on rebuttal that Nunn had made prior inconsistent statements to police denying that he was the shooter.

¶ 5. The trial court ruled that Banks's testimony was admissible if Nunn was unavailable under the hearsay exception allowing statements against penal interest pursuant to WIS. STAT. § 908.045(4). The court specifically ruled that this testimony would not violate the confrontation clause because the defense was seeking to make Nunn a witness for the defense and the State was simply seeking to challenge that evidence.

¶ 6. At trial, the defense called Nunn, who refused to testify. The defense then called Banks as a witness. Banks testified that in February of 2003, he was in the same jail pod as Nunn and that Nunn had told him that Davis sent him and two others over to his landlord's

801

house, and that after one of his co-actors shot Mr. Roberts, Nunn proceeded to shoot Mrs. Roberts.

¶ 7. In its rebuttal case, the State presented testimony from Police Detective Katherine Hein. She discussed five statements that Nunn had given to her or her partners in January 2003 regarding the Roberts shooting. Nunn did not say in any of these statements that he had shot Mrs. Roberts. Smith was convicted of the homicide charge and sentenced to life in prison. He now appeals.

## DISCUSSION

¶ 8. Smith contends that the trial court's admission of Hein's statement recounting Nunn's out-of-court statements constitutes error because it violates his Sixth Amendment right to be confronted with the witnesses against him. We reject his contention.

¶ 9. Whether admission of the challenged evidence violated Smith's constitutional right to confrontation is a question of law, which we review independently. *State v. Williams*, 2002 WI 58, ¶ 7, 253 Wis. 2d 99, 644 N.W.2d 919. Smith relies on the recent decision of the Supreme Court, *Crawford v. Washington*, 541 U.S. 36 (2004), which held that "testimonial" hearsay statements of a person absent from trial may only be admitted in conformity with the confrontation clause if the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant regarding the statement. *Id.* at 68. He argues, therefore, that the State should not have been allowed to introduce Nunn's prior statements through the police detective because Smith did not have an opportunity to cross-examine Nunn regarding the statement. We reject Smith's argument.

¶ 10. The State's rebuttal was solely to impeach Nunn's credibility under the provisions of Wis. Stat. § 908.06, which provides:

> When a hearsay statement has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported by any evidence which would be admissible for those purposes if declarant had testified as a witness. Evidence of a statement . . . by the declarant at any time, inconsistent with the declarant's hearsay statement, is not subject to any requirement that the declarant may have been afforded an opportunity to deny or explain.

¶ 11. A defendant who introduces testimony from an unavailable declarant cannot later claim that he was harmed by his inability to cross-examine that declarant when prior inconsistent statements are introduced to impeach an out-of-court statement introduced by the defendant. Smith was warned by the trial court, and he could have chosen not to put into evidence Nunn's out-of-court statements. Smith ignored the trial court's warnings, and will not be permitted by this court, in hindsight, a second kick at the cat.

¶ 12. Moreover, admission of the prior inconsistent statement did not prejudice Smith because it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty despite admission of Nunn's prior inconsistent statements. *See State v. Harvey*, 2002 WI 93, ¶ 49, 254 Wis. 2d 442, 647 N.W.2d 189.

¶ 13. In this case, Smith confessed that he shot Mrs. Roberts. He provided sufficient detail in his statement, which was corroborated by physical evidence at the scene of the crime. There was other eyewitness

testimony that corroborated details provided in Smith's confession. Another witness testified that Smith admitted to her that he had killed Mrs. Roberts. Even if the State had not introduced the statements from Nunn during rebuttal, the outcome would have been the same. Therefore, the admission was harmless.

*By the Court.*—Judgment affirmed.